### Andros V. Lewis *vs.* Alexander Moore.

An agreement in writing, by which A. appoints B. his "sole agent for the term of three years, for the sale of medicines manufactured by A. and known by the name of 'A.'s medicines,' " includes all medicines manufactured by A. within that time, and known by his name; and the submission to a jury of the question whether a medicine invented by A., since the making of this contract, and called by him "A.'s horse linament," is a new medicine, invented or concocted in good faith, and without any intent to evade the con tract, is erroneous.

ACTION OF CONTRACT upon a written agreement of the defendant to use his utmost endeavors to sell and advertise the plaintiff's medicines, in consideration of the following appointment:

" I, Andros V. Lewis, do hereby appoint for a term of three years from date Alexander Moore my sole agent for the sale of medicines manufactured by me and known by the name of ' Dr. Lewis's Medicines,' agreeably to the following rules, namely, 1st. That the net price of all medicines is to be fifty per cent. less than the price marked on the bottle; 2d. That a settlement is to be made with me, once in every three months, for all medicines sold, agreeably to the returns made by sub-agents; 3d. That all advertising and printing in reference to the medicines to be done only on my order. Dated at Boston this 26th day of April 1856.                    Andros V. Lewis."

Trial in the superior court of Suffolk, at September term 1858, before *Morton*, J., who signed a bill of exceptions, the material parts of which were as follows :

" The plaintiff testified that, previously to giving the agency to the defendant, he had employed other agents to sell his medicines ; and, on giving the sole agency to the defendant, revoked the authority of all his other agents, and took his advertisements from the newspapers. The plaintiff further testified that the goods mentioned in his declaration were delivered to the defendant under the contract between them, above mentioned.

" There was evidence tending to show that, after this contract was made, the plaintiff put into the market for sale, and appointed agents other than the defendant for the sale of medicine which he called ' Dr. Lewis's Horse Liniment.' The defendant contended that this was a violation of his contract.

" But the court instructed the jury that, if the plaintiff invented or concocted a new medicine, in good faith, and without any intent to evade the contract, it was not a violation of the contract; but if the ' Horse Liniment' was substantially the same as any of the medicines, known at the time the contract was made as ' Dr. Lewis's Medicines,' it would be a breach of the contract. The jury returned a verdict for the plaintiff, and the defendant excepts."

*G. W. Searle*, for the defendant.

*B. E. Perry*, for the plaintiff. The language of the contract, " My sole agent for the sale of the medicines manufactured by me, and known by the name of ' Dr. Lewis's Medicines,' " is to be confined to specific medicines, already well known to both parties. The definite article " the " is used, and not the indefinite adjective " all." The word " manufactured " cannot have a future signification, in this sentence, nor can the word " known." And the agreement " that the net price of all medicines be fifty per cent. less than the price marked on the bottle," cannot reasonably be supposed to have been made in reference to an unknown medicine, hereafter possibly to be prepared.

" Dr. Lewis's Horse Liniment" never was and never could be properly called or known as " Dr. Lewis's Medicines," and was

16 *

not in existence or in contemplation until long after the making of this contract.

The jury, by implication, find " good faith " on the plaintiff's part, and " no intent to evade the contract," and that the horse liniment " was not substantially the same as ' Dr. Lewis's Medicines,' or any of them, known at the time the contract was made."

METCALF, J.   The court are of opinion that the instruction given to the jury was erroneous.   We think that the plaintiff appointed the defendant his sole agent for the sale not only of all the kinds of medicines that the plaintiff had theretofore manufactured, and which were known by his name, but also his sole agent for the sale of all medicines which he should thereafter manufacture, and which should be known by his name.   The question whether he afterwards invented a new medicine, in good faith, and without intent to evade his contract with the defendant, was immaterial.   The only questions in the case are, what is the legal construction of the plaintiff's contract with the defendant ? and has he broken that contract ?   The honest belief of the plaintiff that he was not breaking his contract cannot deprive the defendant of his rights under it.

*Exceptions sustained*